IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| FIDELITY BANK, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | No. 3:12-CV-118 (CAR) |
| SONJA M. SHIELDS, and FREEMAN | : | |
| J. SHIELDS, JR., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## ORDER TO RESPOND

Plaintiff Fidelity Bank has filed a Motion for Summary Judgment [Doc. 18] in this case.  Defendants Sonja M. Shields and Freeman J. Shields, Jr., have not filed a timely response to the Motion.  However, because Defendants are proceeding *pro se*, the Court finds it necessary to advise them of their right to respond to the Motion and of the consequences for failing to respond, as well as will grant Defendants additional time to file a response.

Rule 56(c) of the Federal Rules of Civil Procedure provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing.  The adverse party prior to the day of hearing may serve opposing affidavits.  The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue

1

as to any material fact and that the moving party is entitled to a judgment as a matter of law.  A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.[1]

In addition, the Court's Local Rules provide as follows:

The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue of material fact to be tried, including specific reference to those parts of the pleadings, depositions, answers to interrogatories, admissions on file and affidavits which support such contentions.

All material facts set forth in the statement served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.[2]

Under the procedures and policies of the Court, motions for summary judgment are normally decided on the briefs; requests for a hearing are rarely granted.  In addition to the parties' briefs, the Court will consider the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits submitted by the parties in deciding whether summary judgment is appropriate under Rule 56.

Summary judgment may be granted only if there is no genuine issue as to any material fact and if the movant is entitled to judgment as a matter of law.[3]  When reviewing a motion for summary judgment, the evidence and all justifiable inferences

---

[1] Fed. R. Civ. P. 56(c).
[2] M.D. Ga. R. Civ. P. 56.
[3] Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

must be viewed in the light most favorable to the [non-moving party], but a court may not make credibility determinations or weigh the evidence.[4] The moving party "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to judgment as a matter of law.[5] If the moving party discharges this burden, the burden then shifts to the non-moving party to go beyond the pleadings and present specific evidence (in the form of pleadings, depositions, answers to interrogatories, admissions on file, or affidavits) showing that there is a genuine issue of material fact or that the movant is not entitled to judgment as a matter of law.[6] This evidence must consist of more than mere conclusory allegations or legal conclusions.[7]

Defendants are specifically advised that they have the right to file affidavits or other material in opposition to Plaintiff's Motion. If Defendants fail to do so, a final judgment may be entered against them if otherwise appropriate under Rule 56. Defendants are further advised that failure to respond to the statements set forth in

---

[4] *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).
[5] *Celotex Corp.*, 477 U.S. at 323 (internal quotation marks omitted).
[6] *See* Fed. R. Civ. P. 56(e); *see also Celotex Corp.*, 477 U.S. at 324-26.
[7] *See Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).

Plaintiff's affidavits or other sworn pleadings may result in those statements being accepted as true.

If Defendants choose not to file a response, Plaintiff's Motion will not necessarily be granted; however, if Plaintiff meets its burden, and Defendants have not responded by showing that summary judgment is inappropriate, the Court must grant the Motion. If Plaintiff's Motion is granted, judgment will be entered in Plaintiff's favor, and the case will be closed; there would be no trial or any other proceedings.

Accordingly, Defendants are advised that the safest course of action is to file a response to Plaintiff's Motion in accordance with Rule 56 of the Federal Rules of Civil Procedure and the Court's Local Rules, a copy of which may be obtained from the Clerk's Office in Athens, Georgia. If Defendants choose to respond, **the deadline for them to file a response brief and any supporting affidavits or other material is twenty-one (21) days from the date of this Order**. Plaintiff will then have fourteen (14) days to file a reply brief. If Defendants fail to file a response brief within the given time, the Court will take the Motion under advisement and render its decision.

**SO ORDERED,** this 17th day of July, 2013.

                                              S/ C. Ashley Royal
                                              C. ASHLEY ROYAL
                                              UNITED STATES DISTRICT JUDGE

LMH